Appeal from a judgment of the Supreme Court in favor of plaintiff, entered June 23, 1950, in Bronx County, upon a decision of the court on a trial at Special Term.

Per Curiam.

The judgment appealed from determines that plaintiff, owner of 1614 Washington Avenue, Bronx, owns a one-third interest in the boiler, *1099 pipes and fittings comprising the central steam heat and hot-water system located in appellant’s premises at 1616 and 1618 Washington Avenue, it enjoins appellant from interfering with, removing, disposing of or in any way changing said system, and compels appellant, its successors, administrators and assigns perpetually to supply and insure heat and hot water to 1614 Washington Avenue from said system, thus holding that the contract runs with the land.
The contract in question was made in 1945 between the former owner of plaintiff-respondent's premises (1614 Washington Avenue) and appellant. It provides that the heating and hot-water mains in the two properties are to be interconnected “ in such manner as to insure a full and legally adequate supply of Steam Heat and Hot Water to premises number 1614 Washington Avenue that respondent’s assignor will pay $825 to appellant “ for so connecting said Steam Heat and Hot Water lines ”; that the cost of maintenance and fuel for said central system shall be borne and paid between the parties as follows: “ One-third (%) by the Party of the First Part and Two-thirds (%) by the Party of the Second Part” — the latter being appellant. It further states “ That in the event either party hereto sell their property it is mutually agreed that the said sale shall be made expressly subject to this agreement.” The agreement provides that it is to terminate in event of condemnation of the premises of either party by the City of New York.
This agreement is personal and does not run with the land. Respondent is entitled to take advantage of it, however, in view of the separate instrument assigning it to respondent, who assumed her assignor’s obligations thereunder.
The judgment should be modified by eliminating the requirement that defendant’s successors and assigns as owners of the real property perform the obligations of the agreement.
There is nothing in the contract which grants to respondent’s assignor any ownership of the heating and hot-water system. That paragraph in the judgment should be eliminated.
The injunctive provisions restraining appellant from in any way changing the heat and hot-water system should be eliminated. The contract requirement is to insure a full and legally adequate supply. It is enough if appellant does that.
The injunction as granted by the judgment contains no condition that appellant shall be reimbursed for cost of maintenance and fuel, as the contract requires and, in fact, nothing has been paid by respondent for such purposes since the permanent injunction was granted last summer, and respondent is in arrears for the period since last spring. Such a condition should be inserted so as to require, as a condition of the injunction, that respondent pay her share of the cost of maintenance and fuel in accordance with the contract, billings to be made at some regular interval such as bimonthly or quarterly.
The contention that this contract is void as requiring appellant to supply heat and hot water in perpetuity is untenable. It is unnecessary to decide now whether the contract may be subject to termination in event that either party desires to utilize his real property for some other purpose, or whether there be some other implied contingencies for termination (cf. Jugla v. Trouttet, 120 N. Y. 21), or whether the intention is to discharge appellant if it sells its real property to a purchaser who assumes to perform the agreement. Appellant can, of course, cancel for nonpayment-of the contractual amounts for maintenance and fuel, although under the circumstances it should not be held that such right of cancellation has occurred prior to the entry of the modified judgment hereon. If respondent defaults in future in complying with the condi *1100 tions specifically to be imposed by the modified decree, cancellation should be allowed. Moreover, if it becomes inequitable to enforce the injunction due to change in circumstances, an application may be made for a modification or termination of the injunction.
The judgment appealed from should be modified in accordance with the foregoing, with costs to appellant, and as so modified should be affirmed. Settle order on notice.
Peck, P. J., Glennon, Dore, Yan Yoorhis and Shientag, JJ., concur.
Judgment unanimously modified in accordance with the opinion herein and as so modified affirmed, with costs to appellant. Settle order on notice. [See 278 App. Div. 568.]